FARMERS STATE BANK *v.* SOUTHERN COTTON OIL CO.
Opinion delivered February 12, 1917.

1. EXECUTIONS—STOCK IN A CORPORATION.—When plaintiff in execution desires to reach stock owned by defendant in a corporation, he should follow the provisions of Kirby's Digest, § § 3235, 3236, and bringing garnishment proceedings against the corporation is improper.

2. . APPEAL AND ERROR—ORDER TO MAKE ANSWER MORE SPECIFIC—GARNISHMENT—REASONABLE TIME.—Where the garnishee is ordered by the court to make its answer more specific, it is error to render judgment against the garnishee, before it has had a reasonable time in which to obey the order of the court.

Appeal from Lonoke Circuit Court; *Thos. C. Trimble,* Judge; reversed.

*Geo. M. Chapline,* for appellant.

1. The court erred in rendering judgment by default against the garnishee. Kirby's Digest, § 3700; 96 Ark. 568; 23 *Id.* 18; 25 *Id.* 622.

2. The method of procedure to subject corporate stock to the payment of a debt is pointed out by Kirby's Digest, § § 3235-6. Time should have been given to make the answer more specific.

HART, J. The Southern Cotton Oil Company obtained judgment in the circuit court against C. C. Bailey for the sum of $274. Subsequently it sued out and obtained a writ of garnishment against the Farmers State Bank. The bank filed an answer in which it stated that the defendant, C. C. Bailey, had no money, goods or chattels in its hands except $500 of stock of the bank, and that the bank had a lien on said stock to secure a loan of......................dollars. The answer of the bank was duly verified by its president.

The Southern Cotton Oil Company filed a motion to make the answer more specific. The motion was sustained by the court and the bank ordered to make its answer more specific. On the same day judgment by default was rendered against the garnishee for the sum of $274 and the accrued interest. To reverse that judgment the bank prosecutes this appeal.

Sections 3235 and 3236 of Kirby's Digest provide how an execution may be levied on shares of stock in corporations and the plaintiff in execution should have followed the proceedings provided by those sections instead of suing out a writ of garnishment. Moreover, if garnishment had been the proper remedy, the court abused its discretion by rendering a judgment by default against the bank without giving it time to make its answer more specific as required by the order of the court.

It follows that the judgment must be reversed and the cause remanded for further proceedings in accordance with this opinion.